UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JAMES ALLEN POLLARD, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:19-CV-76-TAV-HBG |
|  | ) |  |
| MIKE PARRIS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM OPINION**

Now before the Court is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which Petitioner challenges a criminal judgment against him in the Davidson County Criminal Court at Nashville, Tennessee [Doc. 1 p. 2].

Under 28 U.S.C. § 2241(d), a petitioner may file a habeas corpus petition in the district where his judgment was entered or in the district where he is incarcerated. Petitioner is presently confined in the Hardeman County Correctional Complex ("HCCX") in Hardeman County, Tennessee, and his judgment of conviction was entered by a state court in Davidson County, Tennessee. HCCX is located in Hardeman County, Tennessee, which is in the Western District of Tennessee. *See* 28 U.S.C. § 123(c)(1). Davidson County, the situs of Petitioner's conviction, lies within the Nashville Division of the Middle District of Tennessee. *See* 28 U.S.C. § 123(b)(1).

Thus, venue for this § 2254 petition is proper in both the Middle and Western Districts of Tennessee. A petitioner's place of confinement may change, however, while the district of his conviction will remain constant. Accordingly, the consistent practice

in the Tennessee federal courts is to transfer habeas petitions to the district in which the convicting court is located.

As the Court is authorized to transfer a case such this to another District "in the interest of justice," 28 U.S.C. § 1406(a), the Clerk will be **DIRECTED** to transfer this action to the Nashville Division of the United States District Court for the Middle District of Tennessee and to close this Court's file.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE